1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *
                                        )
9    MARLENE LALATAG,                   )
                                        )
10                 Plaintiff,           )              2:09-cv-02268-LRH-RJJ
                                        )
11   v.                                 )
                                        )              ORDER
12   MONEY FIRST FINANCIAL SERVICES,    )
     INC.; et al.,                      )
13                                      )
                   Defendants.          )
14   _____)

15          Before the court is plaintiff Marlene Lalatag's ("Lalatag") motion to remand filed on

16   December 21, 2009. Doc. #11.[1]

17   **I.      Facts and Procedural History**

18          On April 5, 2006, Lalatag purchased real property through a loan with defendant Money

19   First Financial Services, Inc. ("Money First"). The loan was secured by a note and deed of trust.

20   Lalatag defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

21          On September 23, 2009, Lalatag filed a complaint in state court. Doc. #1, Exhibit A.

22   Defendants removed the action to federal court on the basis of diversity jurisdiction arguing that

23   defendant Patrick Reno ("Reno"), a Nevada resident, is a fraudulently joined defendant and that

24   defendant Money First was a dissolved Nevada corporation when the complaint was filed. Doc. #1.

25   _____

26          [1] Refers to the court's docket entry number.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1447(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.     Discussion

An action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, Lalatag argues that properly joined defendant Reno is a Nevada resident and is therefore a non-diverse defendant defeating diversity jurisdiction. Further, Lalatag argues that defendant Money First was a Nevada corporation at the time she obtained the loan and therefore Money First is also a non-diverse defendant defeating diversity jurisdiction.

In opposition, defendants argue that removal is proper because alleged non-diverse defendant Money First was a dissolved corporation prior to the filing of the complaint and that alleged non-diverse defendant Reno is a fraudulently joined defendant.

### A. Money First

Defendants argue that Money First is a dissolved Nevada corporation whose residency cannot be used to defeat diversity because the corporation was dissolved prior to the filing of the

1    complaint.

2           Citizenship of the parties is determined at the time a complaint is filed. *See e.g., Meadows*

3    *v. Bicrodyne Corporation*, 785 F.2d 670 (9th Cir. 1986). Generally, a corporation is deemed to be a

4    citizen of any state in which it has been incorporated and of any state where it has its principal

5    place of business. 28 U.S.C. § 1332(c)(1). However, when an action is filed after a corporate

6    defendant is dissolved, the dissolved corporation's domicile is not determinative of the court's

7    jurisdiction. *See Id.* at 672; *see also, Hoefferle Truck Sales, Inc. v. DivcoWayne*, 523 F.2d 548-49

8    (7th Cir. 1975).

9           Here, Money First was dissolved as a Nevada corporation on July 20, 2009. Doc. #1,

10   Exhibit G. Lalatag's complaint was filed on September 23, 2009, two months after Money First

11   was dissolved. Therefore, Money First's citizenship shall be disregarded for the purpose of

12   establishing complete diversity.

13          **B. Reno**

14          Defendants argue that individual defendant Reno is a fraudulently joined defendant whose

15   diversity should not be considered for purposes of determining jurisdiction.

16          A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v.*

17   *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff

18   fails to state a cause of action against a resident defendant, and the failure is obvious according to

19   the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

20   811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416,

21   1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In

22   determining whether a cause of action is stated against a non-diverse defendant, courts look only to

23   a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

24          Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v.*

25   *Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient

26

3

to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

Here, Lalatag vaguely alleges (by referencing all defendants) that Reno took part in a conspiracy to wrongfully foreclose and deprive her of her property. To establish a claim for civil conspiracy, a plaintiff must allege: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, the court finds that the allegations in the complaint do not set forth any claim or cause of action against Reno. The complaint is devoid of any specific action by Reno other than his changing the locks on her property after she defaulted on the her loan obligations. Further, there are no specific allegations as to how Reno joined in the conspiracy, how he participated in the conspiracy, or what actions he took to further the conspiracy.

Accordingly, the court finds that Lalatag's complaint fails to state a claim against Reno under the appropriate pleading standards and, therefore, Reno is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. *See Ritchey*, 139 F.3d at 1318. Therefore, the court shall deny Lalatag's motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #11) is DENIED.

IT IS SO ORDERED.

DATED this 20th  day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4