UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |  |
|---|---|---|
| MARLENE LALATAG, | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-02268-LRH-RJJ |
| v. | ) ) ) | ORDER |
| MONEY FIRST FINANCIAL SERVICES, INC.; et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendants Quality Loan Service Corporation ("QLS") and One West Bank's ("One West"), as asset purchaser for IndyMac Bank, FSB ("IndyMac"), motion to dismiss filed on June 1, 2010. Doc. #25.[1] Plaintiff Marlene Lalatag ("Lalatag") filed an opposition (Doc. #28) to which moving defendants replied (Doc. #31).

**I.      Facts and Procedural History**

On April 5, 2006, Lalatag purchased real property through a loan with defendant Money First Financial Services, Inc. ("Money First"). The loan was secured by a note and deed of trust. Lalatag defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

On September 23, 2009, Lalatag filed a complaint in state court against defendants alleging seven causes of action: (1) lack of standing to initiate non-judicial foreclosure; (2) fraudulent

---

[1] Refers to the court's docket entry number.

1  misrepresentation; (3) fraudulent concealment; (4) unconscionability; (5) unjust enrichment and

2  civil conspiracy; (6) quiet title; and (7) wrongful foreclosure. Doc. #1, Exhibit A. Thereafter,

3  moving defendants filed a motion to dismiss all claims. Doc. #7.

4      Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation

5  ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper

6  business practices when processing home loans. The panel assigned Judge James A. Teilborg

7  ("Teilborg") to oversee these cases and preside over all issues (discovery, dispositive motions,

8  settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*,

9  MDL No. 2119.

10     On February 16, 2010, the panel issued a transfer order and consolidated the present action

11 with the MDL litigation. Doc. #18. However, as part of the transfer order, the panel transferred only

12 those claims that "relate to the formation and/or operation of MERS" and held that all other claims

13 "unrelated to the formation and/or operation of the MERS system are separately and simultaneously

14 remanded" to the district court in which they were first brought. *Id.*

15     On May 17, 2010, Judge Teilborg issued an initial remand order. Doc. #22. Pursuant to that

16 order Judge Teilborg remanded: (1) claim 3 for fraudulent concealment; (2) claim 4 for

17 unconscionability; and (3) claim 5 for unjust enrichment and civil conspiracy. *Id.* Thereafter,

18 moving defendants filed a renewed motion to dismiss as to the remanded claims. Doc. #25.

19 **II.    Legal Standard**

20     In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken

21 as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.

22 Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court

23 does not necessarily assume the truth of legal conclusions merely because they are cast in the form

24 of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752,

25 754-55 (9th Cir. 1994).

26

1   There is a strong presumption against dismissing an action for failure to state a claim. *See*

2   *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is

3   not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence

4   in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

5   *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to

6   provide the grounds of his entitlement to relief requires more than labels, conclusions, and a

7   formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.

8   Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the

9   speculative level on the assumption that all the allegations in the complaint are true (even if

10  doubtful in fact)." *Id*. (internal citations omitted).

11  **III.   Discussion**

12  **Fraudulent Concealment**

13  "In alleging fraud or mistake, a party must state with particularity the circumstances

14  constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading

15  requirements a plaintiff must allege the particular concealment as well as which party was involved

16  in the concealment and how. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999);

17  *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to

18  allege the requisite who, what, where, when, and how of the fraud). Here, Lalatag fails to allege

19  anything more than defendants concealed information from her. These allegations are insufficient

20  to support a claim for fraudulent concealment.

21  **Unconscionability**

22  Lalatag alleges that the deed of trust and mortgage note are unenforceable because they are

23  unconscionable contracts made by defendants who knew she would be unable to make monthly

24  mortgage payments when her interest rate changed. However, moving defendants were not

25  involved in the origination of Lalatag's mortgage loan and did not sign or cause to be signed the

26

3

1  alleged unconscionable contract. Accordingly, Lalatag's complaint fails to state a cause of action

2  against moving defendants related to the contract's alleged unconscionability.

3  **Civil Conspiracy**

4        To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an

5  underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v.*

6  *Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular

7  specificity as to "the manner in which a defendant joined in the conspiracy and how he participated

8  in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

9        Here, Lalatag fails to plead a claim for civil conspiracy with the required specificity. Lalatag

10  never identifies how each individual defendant participated or joined the conspiracy. Further,

11  Lalatag does not clearly identify the underlying tort that defendants committed. Lalatag merely

12  alleges that her loan was one of many executed in violation of the Nevada state laws. Therefore, the

13  court finds that Lalatag has failed to sufficiently plead a claim for civil conspiracy with the requisite

14  specificity.

15  **Unjust Enrichment**

16        To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly

17  retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*

18  *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust

19  enrichment cannot stand when there is an express written contract which guides that activities of

20  the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187

21  (Nev. 1997).

22        Here, there was a written contract between the parties, namely, the deed of trust and

23  mortgage note. These documents guided the interactions, obligations, and rights of the parties. As

24  such, Lalatag cannot make a claim in equity for actions that are guided by contract she is a party to.

25  *See LeasePartners Corp.*, 942 P.2d at 187-88.

26

1   IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #25) is

2  GRANTED. Defendants Quality Loan Service Corporation; One West Bank; and IndyMac Bank,

3  FSB are DISMISSED as defendants to the remanded claims: (1) claim 3 for fraudulent

4  concealment; (2) claim 4 for unconscionability; and (3) claim 5 for unjust enrichment and civil

5  conspiracy.

6   IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #7) is DENIED as

7  moot.

8   IT IS SO ORDERED.

9   DATED this 20th day of July, 2010.

10

11  _____

12  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5